# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

GIOVANNI PANDOLFI-DE RINALDIS,

    Plaintiff,

    v.

SUN WEST MORTGAGE COMPANY, INC.,

    Defendant.

Civil No. 16-2413 (ADC)

## OPINION AND ORDER

On July 28, 2016, plaintiff Giovanni Pandolfi-Rinaldis ("Pandolfi" or "plaintiff") filed a complaint against Sun West Mortgage Company, Inc., ("Sun West" or "defendant"). **ECF No. 1**. Sun West now moves the Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. **ECF No. 13, 13-1**. Plaintiff opposes the motion. **ECF No. 18**. With leave from the Court, defendant has replied to plaintiff's opposition. **ECF No. 20**. The Court now **DENIES** defendant's motion to dismiss, **ECF No. 13.**

**I.    Background.**

The Court takes the complaint's well-pleaded facts as true, and draws all reasonable inferences in plaintiff's support. *See Germanowski v. Harris*, 854 F.3d 68, 71 (1st Cir. 2017) (citing *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)).

In 2015, Pandolfi decided to buy a house located in Guaynabo, Puerto Rico. **ECF No. 1** at 2. Pandolfi then obtained a mortgage loan from Sun West, eventually purchasing the house on August 31, 2015. *Id.*

While the parties negotiated the mortgage loan, Sun West sent Francisco Franco ("Franco") to appraise the house. Although Sun West hired Franco, Pandolfi paid for Franco's appraisal services as part of the closing costs for the purchase of the property. *Id.* at 2. Franco provided plaintiff with a copy of the appraisal he had prepared for Sun West, but plaintiff asked for a second appraisal because "he did not think it was correctly done." *Id.* Sun West then ordered a second appraisal, which Franco performed.[1] The second appraisal stated that Franco "inspected the house, including, inter alia, the kitchen, bedrooms and bathrooms." *Id.* The appraisal stated further that there were no "physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property." *Id.*

After purchasing the property, Pandolfi noticed that the property had "defects" that required repairs totaling $95,314.49. *Id.* at 2-4. These defects include: stains on the fascia in the kitchen and living room; termites; damaged marble tiles;[2] a leak in the air conditioner; a hazardous electrical panel; problems with the pool's electrical wiring; needed repairs to the hot tub; filtrations in the ceiling; and a broken drainage tube. *Id.* at 2-3.

---

[1] The complaint does not specify why Pandolfi believed that the first report was deficient or how it differs from the second appraisal report.

[2] Plaintiff claims that he did not notice the damage to the marble-tile floor because "when he visited the house . . . the area was covered by a carpet and furniture." **ECF No. 1** at 2. The complaint does not allege that plaintiff inspected the house before purchasing it, even though it alleges that plaintiff decided to purchase the house before he began negotiating the mortgage loan with Sun West.

**A.      Claims for relief.**

The complaint does not cite or identify under which statute plaintiff seeks relief. Defendant's motion to dismiss characterizes the complaint as an action under Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"). **ECF No. 13-1**. However, in his opposition to the motion to dismiss, plaintiff claims, for the first time and without developing this assertion, that "we must remember that the relationship between plaintiff and defendant is a contractual one, not extracontractual one [sic.]. Hence, defendant did not perform its obligation as the good father of family as required by Article 1057 of the [Civil] Code." **ECF No. 18** at 5.

The complaint does not identify a contract between the parties, other than the mortgage loan agreement, and the complaint does not allege that defendant breached a contract provision. Instead, the complaint alleges negligent acts and omissions that occurred before the parties entered into the loan agreement on August 31, 2015. Accordingly, the Court construes the complaint as a tort action under Article 1802.[3]

The complaint alleges that Franco was negligent "in not discovering these defects, which could be discovered by the prudent and reasonable appraiser, who has a heightened knowledge of the possible defects in a house when he evaluates its price." **ECF No. 1** at 3. The complaint further alleges that Franco's acts or omissions "have caused damages to plaintiff since due to them he took a mortgage that is of greater value than the real value of the property with the

---

[3] The complaint does not indicate: the price that Pandolfi paid for the property; whether he purchased it from Sun West or a third party; or the amount and terms of the mortgage loan. See **ECF No. 1**.

multiple subsequent defects." *Id.* at 3. Franco is not a named defendant, and the complaint alleges that Sun West ordered the two appraisals. *Id.*

Regarding Sun West, the complaint alleges that it was negligent by failing to take the necessary precautions to prevent the damages that Franco's alleged negligence caused, "which are inherent to the business of property appraisals for the provision of mortgage loans." *Id.* The complaint further alleges that Sun West "should have had two independent appraisals of the property," and "required that more detailed photographs or video of the property be made so defendant and plaintiff would have further opportunity to see the property from the point of view of the appraiser. . ." *Id.* at 4.

Because of Sun West's alleged negligence, plaintiff claims to have suffered damages as follows: (1) an estimated $95,314.49 in repairs, and (2) anguish and mental suffering, calculated at no less than $100,000.00. *Id.* Thus, plaintiff requests that the Court enter judgment against defendant for $195, 314.49. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move the Court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." In adjudicating a motion under 12(b)(6), courts ask "whether the well-pleaded factual allegations, viewed in the light most favorable to the plaintiff, state a claim for which relief can be granted." *Germanowski*, 854 F.3d at 71 (citing *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). To survive defendant's motion to dismiss, the complaint does not need to establish a prima facie case,

*Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013), but it must plead a plausible claim for relief, *Germanowski*, 854 F.3d at 71. However, the Court "need not credit 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' or 'subjective characterizations, optimistic predictions, or problematic suppositions.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305–06 (1st Cir. 2008) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)).

Sun West attached to its motion to dismiss the appraisal that Franco prepared and requests that the Court consider it incorporated by reference to the complaint. **ECF No. 13-1** at 4-5. "[A]lthough 'ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion [to dismiss] is converted into one for summary judgment . . . under First Circuit precedent, when a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss.'" *Diva's Inc. v. City of Bangor*, 411 F.3d 30, 38 (1st Cir. 2005) (quoting *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33-34 (1st Cir. 2001)); *see* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed.).

Sun West submitted the appraisal in support of its motion to dismiss, **ECF No. 13-2**, but the document is central to plaintiff's claims, and the complaint cites and quotes it multiple times. *See* **ECF No. 1**. Moreover, plaintiff's opposition to the motion to dismiss does not challenge the authenticity of the document, nor argue that the Court should not consider it when ruling on

the motion to dismiss. *See* **ECF No. 18**; *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988). Accordingly, the Court will consider the appraisal report.

### III. Discussion

Article 1802 of the Civil Code—Puerto Rico's general tort statute—provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141. "The elements of an Article 1802 claim are a physical or emotional injury, a negligent or intentional act or omission (*i.e.,* a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 716 F.3d 256, 265–66 (1st Cir. 2013) (citing *Vázquez–Filippetti v. Banco Popular de Puerto Rico*, 504 F.3d 43, 49 (1st Cir. 2007)).

Sun West's central argument for dismissal is that the complaint fails to state a claim because the complaint does not plausibly allege that Sun West or Franco breached a duty that they owed plaintiff and, thus, did not commit a negligent act or omission. **ECF No. 13-1** at 12. In support, Sun West argues that the appraisal was prepared, at its request, for the limited purpose of evaluating the property subject of the mortgage finance transaction. It further argues that the report "is not intended to certify the existence of all vices that property may or may not have had, and does not serve as a warranty to any possible borrower" or lender. **ECF No. 13-1** at 2-3. Thus, Sun West contends that neither it nor Franco had a duty to discover and notify Pandolfi of the alleged defects in the purchased property. *See* **ECF No. 13-1** at 12.

Plaintiff opposes the motion to dismiss and explains that the complaint's theory of Sun West's liability is "two-fold". **ECF No. 18**. First, it argues that Sun West was negligent in taking the necessary precautions to protect plaintiff from Franco's alleged negligence. Second, it argues that Sun West is liable for Franco's alleged negligence because Franco was Sun West's employee or agent.

Sun West counters by arguing that plaintiff's opposition to the motion to dismiss "incorporates additional facts and conclusions," in an attempt to "strengthen the complaint" and avoid dismissal. **ECF No. 20** at 2. Because the complaint does not specifically allege vicarious liability, Sun West objects to plaintiff's argument that Sun West is liable for Franco's alleged negligence under the theory of vicarious liability, Article 1803 of the Civil Code. P.R. Laws. Ann. tit. 31, § 5142 ("Article 1803").

"As a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omissions of others. Only when clearly specified in the law can liability for the acts or omissions of others be enforced against a third party." *Burgos-Oquendo v. Caribbean Gulf Ref. Corp.*, 741 F. Supp. 330, 332–33 (D.P.R. 1990) (citing *Vélez v. Llavina*, 18 P.R.R. 634 (1912)); *see Ocasio v. Hogar Geobel Inc.*, 693 F. Supp. 2d 167, 178 (D.P.R. 2008). Thus, Article 1803 imposes liability on the employer for the damages caused by their employees within the scope of their employment. *Borrego v. United States*, 790 F.2d 5, 7 (1st Cir. 1986) (quoting P.R. Laws. Ann. tit. 31, § 5142, then citing *Martínez v. Comunidad,* 90 P.R.R. 451 (1964); *Llorens v. Lozada,* 73 P.R.R. 260 (1952)).

If a party is an independent contractor and not employee, "[t]he principal, however, may be liable for the negligent acts of an independent contractor when the work for which the contractor has been hired, by its nature, entails particular risks or hazards and the principal neither requires the contractor to take special safety measures nor takes these measures himself." *Ocasio*, 693 F. Supp. 2d at 180. "In Puerto Rico law, the meaning of 'independent contractor' hinges more on the totality of circumstances than on any particular factor—it is an inquiry that must be performed on a case-by-case basis." *López v. Nutrimix Feed Co.*, 27 F. Supp. 2d 292, 298 (D.P.R. 1998) (citing *Torres Vargas v. Santiago Cummings,* 149 F.3d 29 (1st Cir. 1998). "[S]everal general factors guide courts in making the determination of whether a party is an independent contractor, [including:] (1) the form and manner of the employment contract concerning provisions of full-time or part-time employment; (2) whether the employment contract provides for vacation time, sick leave, or a retirement program; (3) the extent and nature of control the individual has over the execution of his duties; (4) the form of payment; and (5) the ownership status of equipment which is utilized." *Ocasio*, 693 F. Supp. 2d at 179 (citing *Rivera v. Hospital Universitario,* 762 F.Supp. 15, 17 (D.P.R. 1991)). Thus, if Franco were not an employee but rather Sun West's independent contractor, Sun West's liability would not be vicarious, but rather because of its failure "to take the necessary precautions, given the particular risks of a project." *Carr v. Puerto Rico Ports Auth.*, 806 F. Supp. 2d 494, 499 (D.P.R. 2011) (citing *López v. Cruz*, 1992 P.R. Offic. Trans. 755).

Sun West is correct in that the complaint does not include the phrase "vicarious liability" or cite to Article 1803. However, "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47, (2014) (quoting Fed. Rule Civ. Proc. 8(a)(2)) (citations omitted).

Here, the complaint specifically alleges that Sun West "hired" Franco to appraise the property, but that plaintiff paid Franco's fees. **ECF No. 1** at 2. The appraisal report certifies that Franco's report was prepared independently of Sun West's guidance. **ECF No. 13-2** at 23. More importantly, the complaint characterizes Sun West's negligence as that of a principal in relation to an independent contractor. **ECF No 1** at 3. For example, the complaint alleges that Sun West failed to take the necessary precautions to prevent the damages that Franco's alleged negligence caused, "which are inherent to the business of property appraisals for the provision of mortgage loans." **ECF No. 1** at 3; s*ee Carr,* 806 F. Supp. 2d at 499. However, whether Franco is Sun West's employee or an independent contractor is an issue that the Court will not decide when ruling a motion to dismiss for failure to state a claim. *See, e.g., Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 73-74 (1st Cir. 2014).

Finally, defendant hedges its arguments for dismissal on the language of the appraisal report, which states that "[t]he intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction",

and that the "intended user of this appraisal report is the lender/client." **ECF No. 13-2** at 5.[4] However, the report also states that the appraiser certifies that "[t]he *borrower* . . . may rely on this appraisal report as part of any mortgage finance transaction that involves any one of these parties." **ECF No. 13-2** at 7 (emphasis added). The report also states that the appraiser "performed a complete visual inspection of the interior and exterior areas of the subject property . . . [and] identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property." **ECF No. 13-2** at 6. Finally, the appraisal says that the appraiser "performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of the Appraisal foundation. . . .", **ECF No. 13-2**. Thus, the appraisal report does not foreclose the possibility that Franco had a duty to notice and inform Pandolfi of the property's defects, or that he breached that duty.

In sum, the complaint states a plausible entitlement to relief, as it adequately pleads all three elements for a claim to succeed under Article 1802. The complaint alleges that Sun West

---

[4] Furthermore, the appraisal report indicates that:
> The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing the appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and make no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.

**ECF No. 13-2** at 5.

and Franco had a duty to prepare and secure an adequate appraisal of the property, and that Sun West should have taken certain steps to avoid the consequences of Franco's alleged negligence. It also alleges that Sun West and Franco breached these duties, and that their negligence caused plaintiff's injury—purchasing a property for a greater value, with defects that require repairs. Accordingly, defendant's motion to dismiss is **DENIED**.

Although the complaint has survived defendant's motion to dismiss, it still faces significant hurdles. For example, the complaint does not allege that plaintiff inspected the property, yet plaintiff knew enough about the property's conditions to reject the first appraisal report. The complaint also does not detail why plaintiff rejected the first report, or if the appraised value was higher or lower in the second appraisal. Thus, defendant might have a strong argument that plaintiff incurred in comparative negligence. *See Ruíz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 87 (1st Cir. 1998). Moreover, this issue assumes that plaintiff can show that Franco had a duty to notice and report the property's alleged defects, and that Sun West's duty extends beyond hiring an independent, licensed appraiser.[5] It also assumes that the alleged conduct constitutes a foreseeable breach of these duties. Finally, plaintiff must show that the alleged negligence was the proximate cause for the alleged damages.

---

[5] "The Civil Code establishes that 'a legal duty arises in one of three ways: (1) by a statute, regulation, ordinance, bylaw or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation.'" *Barreiro Lopez v. Universal Ins. Co.*, 98 F. Supp. 3d 349, 354 (D.P.R. 2015) (quoting *De Jesús–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 842 (1st Cir. 1998)).

**IV. Conclusion**

In light of the above, defendant's motion to dismiss, **ECF No. 13**, is **DENIED.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **Chief United States District Judge**